IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VICKIE CONLEY,                              Civ. No. 05-1213 (TC)

      Plaintiff,                       OPINION AND ORDER

    v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant.
_____

Tim Wilborn
Wilborn & Associates
2020-C SW 8th Ave., PMB 294
West Linn, OR 97068

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Terrye E. Shea
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075
Attorneys for defendant


OPINION AND ORDER–1

COFFIN, Magistrate Judge:

Plaintiff Vickie Conley brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for disability insurance benefits under Title II of the Act and for supplemental security benefits under Title XVIII of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for benefits.

## BACKGROUND

On, November 19, 1999 Ms. Conley protectively filed her applications for disability insurance benefits. Tr. 101. Her applications were denied initially and upon reconsideration, and plaintiff timely requested an administrative hearing. On January 12, 2002, Administrative Law Judge ("ALJ") Linda Carter held a hearing after which she issued a ruling finding Ms. Conley not disabled. Tr. 327. Ms. Conley appealed the decision and the appeals counsel remanded for further proceedings.

ALJ William Stewart, Jr. held a second hearing on January 26, 2005. In an opinion dated March 21, 2005 he found that Ms. Conley was not disabled. Ms. Conley appealed his decision to the appeals counsel, and the appeals counsel denied her request for review.

At the time of ALJ Stewart's decision, Ms. Conley was a 54-year-old unmarried woman. She alleges disability since May, 5, 1998 due to conversion disorder, degenerative disc disease of the cervical spine, post-traumatic stress disorder, depression, a pain disorder with medical and psychological features and myofascial pain. See Tr. 22. Ms. Conley has a high school diploma and vocational training in "dietary." Tr. 118. She has a prior work history as a construction helper, waitress, bartender and home heath aide. Tr. 121.

OPINION AND ORDER–2

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Secretary of Health and Human Services, 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even "where findings are supported by substantial evidence, a decision should be set aside if the proper legal standards were not applied in weighing the evidence in making the decision." Flake v. Gardener, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

OPINION AND ORDER–3

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity" (SGA). Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b); 416.920(b). The ALJ found that Ms. Conley had not engaged in SGA during the relevant period. Tr. 31

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c); 416.920(c). The ALJ found that Ms. Conley has medically determinable severe impairments including a conversion disorder resulting from an assault by her former boyfriend, degenerative disc disease of the cervical spine, alcohol abuse, post-traumatic stress disorder, depression, and a pain disorder with medical and psychological features which might include myofascial pain. Tr. 31.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§

OPINION AND ORDER–4

404.1520(d); 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141. The ALJ found that including substance abuse, Ms. Conley's medically determinable severe impairments do not meet or medically equal one of the listed impairments. Tr. 31.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is so able, then the Commissioner finds the claimant "not disabled." In doing so, the Commissioner must first identify the claimant's residual functional capacity (RFC), which reflects the claimant's ability to perform sustained work activities in an ordinary work setting for eight hours a day, five days a week. Social Security Regulation (SSR) 96-8p. The ALJ found that, including substance abuse, Ms. Conley had the RFC to work at a reduced range of light exertional activity. Her psychological impairments further limit her from following detailed and complex instructions and from interacting with the general public. Tr. 31 Because of her substance abuse, Ms. Conley does not have the RFC to complete a normal workday and work week "without interruptions from combined physically-based and psychologically-based symptoms." Id. The ALJ concluded that including substance abuse, Ms. Conley was disabled. Id.

In cases such as this one that involve drug or alcohol abuse the Commissioner must determine whether such abuse is a contributing factor material to a claimant's disability. See 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. §416.935.1382c(a)(3)[1]   To make this determination, the ALJ

---

[1]42 U.S.C. §§ 423(d)(2)(C) provides:

An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the

OPINION AND ORDER–5

first must assess disability under the five-step sequential evaluation process "without attempting to determine the impact of [plaintiff's] alcoholism on h[er] other impairments." <u>Bustamante v. Massanari</u>, 262 F.3d 949, 955 (9th Cir. 2001). Only if the ALJ finds that a claimant is disabled under the five-step inquiry should the ALJ evaluate whether the claimant would still be disabled if he or she stopped using alcohol. <u>Id.</u>

The proper analysis for determining the impact of drug or alcohol addiction on a finding of disability is contained in 20 CFR § 404.1535(b). "[T]he claimant bears the burden of proving that his alcoholism or drug addiction is not a contributing factor material to his disability determination." <u>Ball v. Massanari</u>, 254 F.3d 817, 821 (9th Cir. 2001). The "key factor" in determining whether alcohol or drug addiction is a contributing factor is whether the claimant would be disabled but for the drug or alcohol addiction. 20 C.F.R. § 416.935(b)(1). If the Commissioner finds that the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol, the Commissioner will find that the drug or alcohol addiction is a contributing factor to the disability. <u>Id.</u> § 416.935(b)(2)(I).

As to Ms. Conley, the ALJ found that excluding substance abuse, Ms. Conley's medically determinable severe impairments do not meet or medically equal one of the listed impairments. Tr. 32. He further found that exclusive of substance abuse, Ms. Conley retains the RFC to lift and carry up to 20 pounds on an occasional basis and lift and carry up to 10 pounds frequently. Tr. 32. As a result of her psychological impairments Ms. Conley is limited from following detailed and complex instructions and limited from interacting with the public. <u>Id</u>.

---

individual is disabled.

As a result of his findings, the ALJ found that although Ms. Conley is unable to perform any of her past relevant work, she could perform jobs in the national economy including soft goods sorter; packaging inspector, photo finishing worker, garment folder and medical supplies packager. Tr. 32. Finally, the ALJ concluded that Ms. Conley's alcohol abuse is a contributing and material factor to a finding of disability. Tr. 33.

## DISCUSSION

Plaintiff raises four issues on appeal: first, that the ALJ improperly rejected the assessment of Dr. McQueen; second, the ALJ improperly found that alcohol abuse is material to Ms. Conley's disability; third, that the ALJ failed to find Ms. Conley's hand and arm impairments to be severe; and fourth, that the ALJ failed to meet his burden at step five. Because I find that the ALJ improperly found that alcohol abuse is material to Ms. Conley's disability and reverse and remand on that basis, I do not reach Plaintiff's other arguments.

On March 26, 1996, Congress enacted § 105 of the Contract with America Advancement Act, amending 42 U.S.C. §§ 423(d)(2) and 1382c(a)(3). The amendments and implementing regulations effectively deny social security disability benefits to claimants whose alcoholism or drug addiction is a contributing factor material to the determination of his or her disability. See 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935. A claimant is not disabled under the Act if alcoholism or drug addiction is "a contributing factor material to the Commissioner's determination that the individual is disabled." See 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935. The "key factor" in determining whether alcohol or drug addiction is a contributing factor is whether the claimant would be disabled but for the drug or alcohol addiction. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). If the Commissioner finds that the

OPINION AND ORDER–7

claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol, the Commissioner will find that the drug or alcohol addiction is a contributing factor to the disability. Id. §§ 404.1535(b)(2)(I), 416.935(b)(2)(I).

The ALJ found that as a result of Ms. Conley's alcohol abuse, she does not retain the RFC to complete a normal workday and workweek "without interruptions from combined physically-based and psychologically-based symptoms. The claimant cannot perform at a consistent pace without an unreasonable number and length of rest periods or absences, even if working in a sedentary capacity." Tr. 31. The ALJ made this determination without explaining how he reached that conclusion.

In his opinion the ALJ describes Ms. Conley's use and abuse of alcohol with specific references to the record. Tr. 20-21. Her alcohol abuse resulted in a diagnosis of alcoholism on October 23, 2004, six years, five months after her alleged onset of disability. Tr. 536. However, the ALJ failed to articulate a causal relationship between Ms. Conley's alcohol abuse and her ability to go to work eight hours a day, five days a week[2] The record fails to support such a relationship.

None of the numerous medical professionals who have evaluated Ms. Conley have given opinions that Ms. Conley's alcohol abuse is material to her disability. In fact, the record contains two opinions, one from Dr. Lia McQueen and one from William J. Rohr, that alcohol abuse is not material to her disability. Tr. 524, 532.

---

[2] One cannot merely conclude that alcoholism prevents an individual from working "at a consistent pace without an unreasonable number and length of rest periods or absences." Tr. 31. Certainly, some alcoholics, because of their alcohol abuse, may not be able to go to work full time. Common experience also teaches that other alcoholics are able to work eight hours a day, five days a week. In any event, there is nothing in the record to indicate that Ms. Conley's alcohol abuse, and not her other severe impairments, would prevent her from working full-time.

OPINION AND ORDER–8

Plaintiff argues that the ALJ improperly rejected testimony of Dr. McQueen. Even if the ALJ's evaluation of Dr. McQueen's opinion is supported by substantial evidence, the ALJ failed to consider the opinion of William J. Rohr. Mr. Rohr is a member of the Presumptive Medicaid Disability Determination Team and evaluated Ms. Conley in early 2003 as part of Ms. Conley's request for government assistance through the Oregon Health Plan and Title XIX of the Social Security Act. <u>See</u> Tr. 532. Mr. Rohr reviewed Ms. Conley's medical records and personally examined Ms. Conley. Tr. 530-32. Mr. Rohr made the following findings:

> Client does have PTSD and major depression, which affect her significantly in her ability to perform daily activities, socialize, or adapt to change. She does use alcohol on regular basis to help her in reducing the symptoms she's experiencing. However, even if she would stop using alcohol, I believe she would still experience many of the same symptoms she currently as at this time. She does not met or equal Medical Listing [20 CFR 404 subpt. P, app. 1] 12.04, 21.06 or 12.09, based on not meeting the "B" criteria, which likely would have moderate limitations in her ability to understand/remember, socially interact, and adapt. She has marked impairment in concentration/persistence. Because of her symptoms, the client would not be able to complete a normal workday/week without significant increase in her psych symptoms. This would be even if she were to stop drinking. DAA is not material to the decision.

Tr. 532.

Mr. Rohr's report is significant because he reviewed records that are contained in the administrative record and, when analyzing Ms. Conley's psychiatric impairments, he applied standards from SSA regulations. Furthermore, nothing in the record contradicts Mr. Rohr's findings. Therefore, Ms. Conley has met her burden in proving that her alcoholism is not a "contributing factor material to his disability determination." <u>Ball</u>, 254 F.3d at 821.

//

OPINION AND ORDER–9

Because the ALJ failed to consider Mr. Rohr's report, and because the ALJ failed to show any relationship between her disability and her alcohol abuse, I find that the ALJ's determination of "materiality" is not supported by substantial evidence in the record.

Finally, I find that if ALJ had considered Mr. Rohr's report, he would have been required to find Ms. Conley disabled.  Therefore, I reverse and remand for the award of benefits.  McCartey v. Massanari, 298 F.3d 1072, 1077 (9th Cir. 2002); Smolen v. Chater, 80 F.3d 1273, 1292 (9th. Cir. 1996).

## CONCLUSION

Based on the foregoing, the ALJ's finding that Ms. Conley is not disabled within the meaning of the Act is not supported by substantial evidence in the record.  Accordingly, the decision of the Commissioner is REVERSED and REMANDED for an award of benefits, and this case is dismissed. IT IS SO ORDERED.

DATED this ___23___ day of October, 2006

Thomas M. Coffin
United States Magistrate Judge

OPINION AND ORDER–10